**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4662**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DELFISCIO MARQUIS LITTLE,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:16-cr-00022-TDS-2)

Submitted:  November 16, 2017                    Decided:  November 29, 2017

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian Michael Aus, Durham, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delfiscio Marquis Little pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Little to 71 months' incarceration. In accordance with *Anders v. California*, 386 U.S. 738 (1967), Little's counsel has filed a brief certifying that there are no meritorious grounds for appeal but questioning whether the district court erred in classifying Little's prior conviction for North Carolina assault with a deadly weapon with intent to kill inflicting serious injury, in violation of N.C. Gen. Stat. § 14-32(a) (2016), as a crime of violence pursuant to U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(4)(A), 4B1.2(a) (2015). Little was notified of his right to file a pro se supplemental brief, but he has not done so. We affirm.

Because Little did not raise this issue before the district court, we review for plain error the district court's classification of a North Carolina conviction for assault with a deadly weapon with intent to kill inflicting serious injury as a crime of violence for purposes of the Guidelines. *United States v. Carthorne*, 726 F.3d 503, 509 (4th Cir. 2013). We "may reverse only on a finding that (1) there was error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Moore*, 810 F.3d 932, 939 (4th Cir. 2016) (alterations and internal quotation marks omitted). We have not addressed in a published opinion whether a North Carolina conviction for assault with a deadly weapon with intent to kill inflicting serious injury is a crime of violence pursuant to Guidelines §§ 2K2.1(a)(4)(A), 4B1.2(a). However, we recently held that the similar North Carolina crime of assault inflicting serious bodily injury, in violation of N.C. Gen. Stat. § 14-32.4(a)

2

(2016), is a crime of violence under Guideline § 4B1.2(a)'s residual clause. *United States v. Thompson*, ___ F.3d ___, ___, No. 15-4685, 2017 WL 4818870, at \*4 (4th Cir. Oct. 26, 2017). Because assault with a deadly weapon with intent to kill inflicting serious injury necessarily requires the commission of assault inflicting serious bodily injury, we conclude that the district court did not plainly err in applying the career offender enhancement in this case.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Little's conviction and sentence. This court requires that counsel inform Little, in writing, of the right to petition the Supreme Court of the United States for further review. If Little requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Little.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*